IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WENDIE CLEMONS                                                                                    PLAINTIFF

vs.                                              Civil No. 1:16-cv-01048

NANCY A. BERRYHILL                                                                              DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Wendie Clemons ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her DIB application on September 6, 2013. (Tr. 8). In this application, Plaintiff alleges being disabled due to high blood pressure, diabetes, back surgery, neuropathy, and severe migraines. (Tr. 145). Plaintiff alleges an onset date of September 6, 2013. (Tr. 8). This application was denied initially and again upon reconsideration. (Tr. 47-70).

Plaintiff requested an administrative hearing on her application. (Tr. 79-80). This request was granted, and Plaintiff's administrative hearing was held on December 17, 2014 in El Dorado, Arkansas. (Tr. 30-46). At this hearing, Plaintiff was present and was represented by counsel, Mary

1

Thomason. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.* During this hearing, Plaintiff testified she was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c). (Tr. 33). As for her education, Plaintiff testified she had completed "some college." *Id.*

On March 10, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 5-23). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 6, 2013, her alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: "diabetes mellitus, migraine headaches, epilepsy and recurrent seizures (not supported by objective testing, diagnosis only), hypertension, obesity, and degenerative disc disease of the spine (Exhibits 1F-10F). The above impairments cause limitations or restrictions having more than a minimal effect on the claimant's ability to do basic work-related activities; and therefore, are found to be severe." (Tr. 10-13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except reduced further with the additional limitations: The claimant can occasionally climb, balance, stoop, crouch, crawl, and kneel; and, she must also work in an environment free from temperature extremes, very noisy work places, and exposure to respiratory irritant such as dust, fumes, and gases; and, she

2

should have no exposure to hazards such as unprotected heights, moving machinery, and open flames.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15-22, Finding 5). The VE testified at the administrative hearing regarding this issue. Based upon this testimony and considering her RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as a dispatcher (semiskilled, sedentary). (Tr. 23, Finding 6). Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 6, 2013 (application date) through March 10, 2015 (ALJ's decision date). (Tr. 23, Finding 7).

Plaintiff sought review with the Appeals Council. (Tr. 28). On April 19, 2016, the Appeals Council denied her request for review. (Tr. 1-3). On June 7, 2016, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

4

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the following: (A) the ALJ erred in not considering the opinions of her treating physician; and (B) the ALJ improperly determined she could return to her PRW. ECF No. 11 at 10-15. The Court will consider both of these arguments.

A. **Treating Physician**

Plaintiff claims the ALJ did not properly evaluate the findings of her treating physician. ECF No. 11 at 10-12. In his opinion, however, the ALJ considered, in great detail, the findings of her treating physician, Dr. Joseph Sarnicki. (Tr. 17-18, 222, 253-254).

Furthermore, although Dr. Sarnicki is Plaintiff's treating physician, his opinions are one-page letter opinions that supply no more than conclusory findings. The ALJ noted as much stating that Dr. Sarnicki's opinions were apparently based upon Plaintiff's "subjective allegations at face value." (Tr. 17). Accordingly, the Court finds the ALJ did not err in discounting those findings.

B. **Past Relevant Work**

Plaintiff claims the ALJ erred in finding she retained the capacity to perform her PRW. ECF No. 11 at 12-16. Specifically, she claims that due to her seizures and vision problems, she would be unable to work as a dispatcher. *Id.* In support of her claim that she suffers from these limitations, Plaintiff again references the findings of Dr. Sarnicki. *Id.* As noted above, however, the ALJ

5

properly discounted the findings of Dr. Sarnicki.  Thus, the Court also finds no basis for reversal on this issue.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of June 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE